IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| George Lewis Anderson, | ) | Civil Action No. 4:07-70052 |
| | ) | Criminal No. 4:02-451 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by George Lewis Anderson ("petitioner").

On April 23, 2002, the petitioner was charged in Indictment 4:02-451 with one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). On June 1, 2004, the petitioner plead guilty to Count 1 of the indictment. (Doc. #19). On March 17, 2005, the petitioner was sentenced to 135 months of imprisonment to be followed by five years of supervised release. Judgment was entered in the petitioner's case on March 25, 2005. (Doc. #30)[1].

The petitioner timely filed an appeal of his conviction with the Fourth Circuit Court of Appeals. On May 26, 2006, the Fourth Circuit issued an opinion affirming the petitioner's conviction. <u>United States v. George Lewis Anderson</u>, No. 05-4373 (4th Cir. 2006) (unpublished). The Fourth Circuit issued its mandate on June 20, 2006. (Doc. #60).

---

[1] On June 30, 2008, this Court entered an Order reducing the petitioner's sentence to 108 months of imprisonment pursuant to the provisions of 18 U.S.C. § 3582(c)(2). (Doc. #77).

The petitioner filed the present motion to vacate his conviction pursuant to 28 U.S.C. § 2255 on May 22, 2007. (Doc. #68). In the motion, the petitioner raises two grounds for relief. (Doc. #68). Trial defense counsel filed an affidavit in response to the petitioner's allegations on January 27, 2010. (Doc. #86). The United States of America ("Government") filed its response to the petitioner's motion for relief under 28 U.S.C. § 2255 and motion for summary judgment on February 2, 2010. (Doc. #87). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed March 24, 2010 that he had thirty-four days to file any material in opposition to the Government's motion for summary judgment. (Doc. #92). To date, the petitioner has filed no response in opposition to the Government's motion for summary judgment.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional

2

error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## **BACKGROUND**

The petitioner has raised two grounds for relief in the petition now before this Court. The petitioner's first ground for relief is for ineffective assistance of counsel. In support of this ground, the petitioner states the following seven claims (set forth verbatium):

1. Counsel failed to object to information contained in the PSI that resulted in enhancements of his sentence.

2. Counsel failed to ask for an evidentiary hearing on the amount of drugs that were used to enhance the sentence.

3. Counsel failed to raise a suppression issue on informant information that was uncoorberated [sic].

4. Counsel gave incorrect sentencing information in talking the defendant into taking the Plea Agreement.

5. Counsel was ineffective for unfamiliarity with the guidelines and failure to challenge breach of Plea Agreement.

6. Counsel misinformed defendant about the effect of Plea Agreement.

7. Counsel gave inaccurate advice to induce Guilty Plea.

(Mot. to Vac. at pp. 5-6, Doc. #68).

In the second ground for relief, the petitioner asserts that his "[s]entence under 100 to 1 ratio was discriminatory against Blacks in violation of the 8th and 14th Amendment Rights." (Mot. to Vac. at p. 7). In support of this ground, the petitioner states that "Statistical Racial Survey by American Civil Liberty Union and the U.S. Sentecing [sic] Commission clearly document that Blacks form an absolute majority of defendants sentenced under the 100 to 1 ratio format for Crack related offenses." (Mot. to Vac. at p. 7).

## **STANDARD OF REVIEW**

In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed R. Civ. P. 56(e); see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden

of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## GROUND ONE

In his first ground for relief, the petitioner raises several claims of ineffective assistance of counsel. A claim of ineffective assistance of counsel is subject to collateral review pursuant to § 2255. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). In order to prevail on a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." Id. at 689. As the Court in Strickland observed:

> [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from

counsel's perspective at the time.

Id. at 689.

The petitioner's burden as outlined above is two-pronged. As previously noted, the petitioner has stated seven separate claims of ineffective assistance of counsel. The Court will consider each claim in turn.

### a. Failure to Object to Presentence Report

In support of the first claim of ineffective assistance of counsel, the petitioner asserts that "Counsel failed to object to information contained in the PSI that resulted in enhancements of his sentence." (Mot. to Vac. at p. 5). The petitioner provides no additional information in support of this claim. A review of the Presentence Investigative Report ("PSR") prepared in the petitioner's case indicates that the petitioner's base offense level was calculated based upon the drug weights for which the petitioner was held accountable. (PSR at ¶ 28). More specifically, the record indicates that the petitioner's base offense level was calculated as Level 38 based on 1.67 kilograms of crack cocaine for which the petitioner was held accountable. (PSR at ¶ 28). The petitioner received a three level reduction pursuant to U.S.S.G. §§ 3E1.1(a) and (b), which resulted in a total offense level of 35. (PSR at ¶¶ 28-38). The petitioner did not receive any enhancements under the United States Sentencing Guidelines. Rather, the petitioner's sentence was based solely upon the drugs for which he was held accountable. The petitioner offers no persuasive argument or evidence to warrant relief on this claim. Therefore, the Court concludes that the petitioner's first claim that his attorney was ineffective for failing to object to the sentencing enhancements is unsupported by the record.

### b. Failure to Request Evidentiary Hearing

In support of the second ineffective assistance of counsel claim, the petitioner asserts that

"Counsel failed to ask for an evidentiary hearing on the amount of drugs that were used to enhance the sentence." (Mot. to Vac. at p. 4). Again, the petitioner fails to provide any facts to support his conclusion that counsel should have objected to the drug weights attributed to him. Further, the petitioner fails to provide any argument to refute the drug weight calculations included by the United States Probation Office within the PSR. Thus, the petitioner has failed to show either that trial counsel's decision not to challenge the drug weights fell below an objective standard of reasonableness, or that the petitioner was prejudiced by counsel's failure to challenge the drug weight calculations. Therefore, the petitioner is not entitled to relief with regard to the second claim of ineffective assistance of counsel.

**c. Failure to Raise Suppression Issue**

In support of his second claim of ineffective assistance of counsel, the petitioner asserts that "Counsel failed to raise a suppression issue on informant information that was uncoorberated [sic]." (Mot. to Vac. at p. 4). As an initial matter, the Court notes that the petitioner's sentence was based on historical information from various sources, and the record does not reflect that any physical evidence was obtained from a search or seizure. Thus, the petitioner appears to argue that his counsel should have attempted to challenge statements of various individuals included in the PSR. It does not appear that the petitioner asserts that his counsel should have moved to suppress evidence obtained in violation of the fourth amendment. The only basis suggested by the petitioner to refute the witness statements contained in the PSR is the conclusory assertion that the statements are uncorroborated. The petitioner presents no facts to suggest that the drug weight calculations are inaccurate. Without more, the Court cannot determine that counsel's decision not to challenge the drug weight calculations was objectively unreasonable, nor that the petitioner was prejudiced by his

7

attorney's failure to raise such a challenge. Therefore, the petitioner is not entitled to relief with regard to the third claim of ineffective assistance of counsel.

### d. Guilty Plea

The petitioner has made three separate claims of ineffective assistance in connection with the guilty plea entered in his case. More specifically, the petitioner asserts that "Counsel gave incorrect sentencing information in talking the defendant into taking the Plea Agreement;" "Counsel misinformed defendant about the effect of Plea Agreement;" and "Counsel gave inaccurate advice to induce Guilty Plea." (Mot. to Vac. at pp. 5-6) (Ground One, Claims 4, 6, 7). As the facts and analysis with regard to each of these three claims is similar, the Court will consider these three claims together.

In addressing claims of ineffective assistance of counsel in connection with a challenge to the voluntariness of a guilty plea, the United States Supreme Court has held that, to satisfy the second "prejudice" prong of Strickland, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Other courts have noted that "[a] mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice." Barker v. United States, 7 F.3d 629, 633 (7th Cir. 1993) (quoting United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir. 1990)). The petitioner has presented no specific facts in connection with his guilty plea to suggest that he would have insisted on proceeding to trial absent the ineffective assistance of his attorney.

The petitioner also presents no factual basis to support his conclusory allegations that his attorney gave incorrect sentencing information to talk the petitioner into accepting a plea agreement;

8

that the petitioner's attorney failed to inform him about the effect of his plea agreement; or that the plaintiff's attorney gave inaccurate advice to induce a guilty plea. The Court has conducted a detailed review of the petitioner's guilty plea in connection with the motion now before this Court. The Court notes that the petitioner affirmatively stated that he was satisfied with the representation provided by his trial counsel.[2] The petitioner affirmatively stated that he understood that his sentence may be different from any estimate that he had previously been given.[3] The petitioner was also advised that, at the time he plead guilty, he was facing a minium sentence of ten years and maximum sentence of life imprisonment.[4] After the Government provided a factual basis for the plea, the

---

[2] See Plea Trans. at pp. 4:15-5:2:
The Court: Have you had a chance to fully discuss these charges with your attorney, Mr. Brown?
The defendant: Yes, sir.
The Court: Have you had sufficient time to consult with your attorney in your case?
The defendant: Yes, sir.
The Court: Are you fully satisfied with the counsel, representation and advice given to you in your case by Mr. Brown?
The defendant: Yes, sir.
The Court: Is there anything else you want Mr. Brown to do for you that he has not done?
The defendant: No, sir.

[3] See Plea Trans. at pp. 9:21-10:9:
The Court: There are federal sentencing guidelines that apply in federal court in criminal cases. Mr. Anderson, have you and your attorney talked about how the guidelines might apply to your case?
The defendant: Yes, sir.
The Court: Do you understand that this Court will not be able to determine the guideline sentence for your case until after the presentence report has been completed?
The defendant: Yes, sir.
The Court: Do you also that the sentence imposed in your case may be different from any estimate your attorney may have given to you?
The defendant: Yes, sir.

[4] See Plea Trans. at p. 15:6-22:
The Court: By virtue of pleading guilty, Mr. Anderson, I'm required to sentence you to at least ten years. You'll have to receive a mandatory minimum sentence of ten years, do you understand that?
The defendant: Yes, sir.
The Court: Do you understand that I have the authority to sentence you to up to life in prison?
The defendant: Yes, sir.
The Court: Knowing you face a mandatory minimum sentence of ten years and a sentence of up to life, Mr. Anderson, do you still wish to plead guilty in your case?
The defendant: Yes, sir.

petitioner admitted his involvement in the crime for which he was indicted, and confirmed that he wished to plead guilty.[5] Thus, the petitioner's own admissions in open court contradict his claims that he was misinformed about the consequences of pleading guilty. The Court concludes that the petitioner has failed to meet his burden of proof with regard to either prong of the Strickland analysis in connection with claims 4, 6, and 7 of the first ground for relief, and thus is entitled to no relief with regard to these claims.

### e. Unfamiliarity with Guidelines/Breach of Plea Agreement

In the fifth claim of ineffective assistance of counsel, the petitioner asserts that "Counsel was ineffective for unfamiliarity with guidelines and failure to challenge breach of Plea Agreement." (Mot. to Vac. at p. 5). As an initial matter, the petitioner fails to present any facts to support his contention that there has been a breach of the plea agreement, nor does the record indicate that there has been a breach of the plea agreement by either party. Thus, the petitioner cannot meet either prong of the Strickland analysis with regard to this claim regarding a breach of the plea agreement.

Additionally, the petitioner presents no factual support for his assertion that his attorney was unfamiliar with the sentencing guidelines. The record does not indicate that petitioner's trial counsel was hindered by an unfamaliarity with the United States Sentencing Guidelines. As highlighted by the Government, the petitioner's trial counsel was successful in persuading the Government that the petitioner was entitled to a reduction in sentence based on the "Safety Valve" provision found in

---

[5]See Plea Trans. at pp. 19:17-20:3:
The Court: So you admit, freely admit that you were involved in a crack cocaine drug conspiracy, is that correct?
The defendant: Yes, sir.
The Court: After listening to all I've told you and explained to you and after having answered my questions, how do you now plead to this charge, guilty or not guilty?
The defendant: Guilty.
The Court: Are you pleading guilty because you are guilty?
The defendant: Yes, sir.

U.S.S.G. § 5C1.2. While trial counsel initially presented this position in an objection to the PSR, the Government later conceded at the sentencing hearing that it was satisfied that the provision applied. Trial counsel also filed a detailed motion for downward departure based on the petitioner's extraordinary physical condition. In preparing this motion, trial counsel deposed two treating physicians to supplement the information provided to the Court in connection with this motion. Trial counsel also filed a detailed memorandum of law with the Court. While the motion was ultimately denied, the Court notes that a high level of skill and effort were involved in preparing the memorandum, gathering testimony from physicians, and presenting arguments to the Court in connection with this motion. Trial counsel also filed a motion for variance under the Sentencing Guidelines pursuant to 18 U.S.C. § 3553(a). Though the motion for variance was ultimately denied by the Court, the presentation of this motion illustrates that trial counsel was well-aware of the legal complexities of the United States Sentencing Guidelines. Therefore, the petitioner cannot show that his counsel acted in an objectively unreasonably manner by failing to familiarize himself with the sentencing guidelines, nor that the petitioner was prejudiced by his counsel's unfamiliarity with the sentencing guidelines. Thus, the petitioner's is entitled to no relief on his fifth claim of ineffective assistance of counsel.

**GROUND TWO**

In his second ground for relief, the petitioner asserts that his "[s]entence under 100 to 1 ratio was discriminatory against Blacks in violation of 8th & 14th Amendment Rights." (Mot. to Vac. at p. 7). In support of this ground, the petitioner asserts that "Statistical Racial Survey by American Civil Liberty Union and the U.S. Sentncing [sic] Commission clearly document that Blacks form an absolute majority of defendants sentenced under the 100 to 1 ratio format for Crack related

offenses." (Mot. to Vac. at p. 7).

As an initial matter, the Court notes that the petitioner did not present this argument to the Court prior to or during sentencing. The record does not indicate that the petitioner raised this issue with the Fourth Circuit on direct appeal. It has been noted that "[w]here a constitutional error asserted by a defendant in a § 2255 motion was not raised at trial, sentencing, or on direct appeal, the defendant may have his claim reviewed under limited circumstances . . . [h]e must, however, meet a two-part 'cause and actual prejudice' test to obtain collateral relief." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va 1999) (citing United States v. Frady, 460 U.S. 152, 167-68 (1982); United States v. Maybeck, 23 F.3d 888, 890 n. 1 (4th Cir. 1994)). In order to satisfy this standard, the Petitioner must show: (1) cause excusing his failure to raise this error at trial or on direct appeal; and (2) that he suffered actual prejudice as a result of this error. Frady 460 U.S. at 167-68; Maybeck, 23 F.3d at 891-92. Actual prejudice results only from errors that worked to the petitioner's "actual and substantial disadvantage" such that they "infect[ed] his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170. This Court may dismiss the petitioner's claim if he has made an insufficient showing as to either component of this two-pronged test. See id. The petitioner in this case has not set forth a factual basis to show cause for his failure to raise this constitutional argument prior to sentencing or on appeal, nor shown that he suffered actual prejudice. Thus, the petitioner has failed to meet his burden with respect to ground two.

Regardless of the standard applied to the petitioner's claim, the Court concludes that the claim is without merit. The United States Supreme Court recently addressed the disparity between the powder cocaine and the crack cocaine sentencing guidelines in Kimbrough v. United States, 552 U.S. 85 (2007). In Kimbrough, the Supreme Court recognized that "it would not be an abuse of

discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes." Id. at 575. However, the Supreme Court did not hold that the sentencing guidelines for crack cocaine offenses were unconstitutional. In addition, the Fourth Circuit has recently confirmed the constitutional validity of the sentencing guidelines for crack cocaine offenses in several cases involving various constitutional challenges to the crack cocaine guidelines. United States v. Lane, 351 Fed. Appx. 796 (4th Cir. 2009) (unpublished); United States v. Ford, 355 Fed. Appx. 756 (4th Cir. 2009) (unpublished); United States v. Tunstalle, 356 Fed. Appx. 652 (4th Cir. 2009) (unpublished). Thus, the Court concludes that the petitioner is entitled to no relief in connection with the second ground for relief.

### RULE 60(b)(5) MOTION

Following the denial of the petitioner's direct appeal by the Fourth Circuit but prior to the filing of the motion to vacate pursuant to 28 U.S.C. § 2255, the petitioner filed a "Pro Se Motion for Relief From Judgment Under Federal Rule of Criminal Procedure 60(b)(5)." (Doc. #62). The petitioner then filed two additional motions to amend the prior Rule 60(b)(5) motion, in which the petitioner provided supplemental information. (Docs. #63, #64).

It appears that the petitioner has attempted to file a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(5). However, the Federal Rules of Civil Procedure are inapplicable to criminal proceedings. In limited circumstances, the Fourth Circuit has noted that a "motion for rehearing or reconsideration in a criminal case extends the time for filing a notice of appeal if the motion is filed before the order sought to be reconsidered becomes final." United States v. Hayes, 282 Fed. Appx. 281 (4th Cir. 2008) (unpublished). However, because the petitioner filed

the motion for reconsideration now before this Court after the denial of direct appeal in his case, this analysis is not relevant. Thus, the motion filed pursuant to the Federal Rules of Civil Procedure is subject to dismissal based on the inapplicability of the civil rules in an criminal proceeding.

In the motion, the petitioner sets forth arguments attacking the validity of the sentencing guidelines for crack cocaine offenses similar to the arguments presented in connection with ground two of the petitioner's subsequent motion to vacate pursuant to 28 U.S.C. § 2255. The petitioner requests that "the Court reinstate the Petitioner's right to appeal, opening the way for further proceedings seeking ultimately to vacate the Federal Conviction or whatever the Court deems to be appropriate and in the interest of the Integrity of the Court and in the interest of Justice." (Doc. #62 at p. 3). To the extent that the petitioner seeks to supplement the information contained in the initial motion with the information contained in the two subsequent motions to amend, (Docs. #63, #64), these motions are granted. However, the Court concludes that the petitioner is entitled to no relief on his "Pro Se Motion for Relief from Judgment Under Federal Rule of Criminal Procedure 60(b)(5)." (Doc. #62). The Court has considered all claims raised in these motions in connection with the petitioner's subsequent motion to vacate pursuant to 28 U.S.C. § 2255, and concludes that the petitioner is not entitled to relief. For this reason, the "Pro Se Motion for Relief From Judgment Under Federal Rule of Criminal Procedure 60(b)(5)" is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Government's motion for summary judgment, (Doc. #87), is hereby **GRANTED,** and the petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, (Doc. #68), is hereby **DENIED**. This matter is dismissed with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing

Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. The petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

The petitioner's "Pro Se Motion for Relief From Judgment Under Federal Rule of Criminal Procedure 60(b)(5)" is hereby **DENIED**. (Doc. #62).[6]

**IT IS SO ORDERED**.

                                                                                 s/Terry L. Wooten
                                                                      United States District Judge

September 20, 2010
Florence, South Carolina

---

[6] As noted above, the Court has fully considered the information contained in the petitioner's two motions to amend the "Pro Se Motion for Relief From Judgment Under Federal Rule of Criminal Procedure 60(b)(5)." (Docs. #63, #64). To the extent that the petitioner seeks to supplement the initial motion with the information contained in the subsequent filings, these motions have been **GRANTED**. (Docs. #63, #64).